## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HARRISON DIVISION

PHILIP WILLIAM RASMUSSEN                                           PLAINTIFF

v.                                   Civil No.  3:17-cv-03013

STATE OF ARKANSAS;
BAXTER COUNTY ARKANSAS
SHERIFF'S DEPARTMENT; and
MOUNTAIN HOME ARKANSAS
POLICE DEPARTMENT                                                 DEFENDANTS

### OPINION AND ORDER

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP").  Under the provisions of the Prison Litigation Reform Act ("PLRA"), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014)(quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

1

## I. BACKGROUND

Plaintiff begins his narration with his 2007 incarceration in the Baxter County Jail on a charge of second degree battery. Plaintiff believes his right to a fair trial was violated. He also believes the prosecutor was maliciously prosecuting him. His first trial on the battery charges ended in a hung jury. His January 2007 trial on an arson charge also ended in a hung jury. A week before the second trial, Plaintiff alleges he was in a fight with fellow inmates John Lipe, a jail house snitch, and Jerry Martin. Plaintiff states he was removed from the general population and put into a holding cell. Following the arson trial, Plaintiff indicates he was put back into a holding cell. Plaintiff alleges the prosecutor ordered the jailers to put Plaintiff back in general population.

Plaintiff, in an effort to get out of general population, alleges he pretended to throw a punch at Inmate Howard Johnson. Officer Alkire came to break up the fight and Plaintiff contends the officer deliberately tripped him. All three of them went to the ground. At this time, John Lipe and Jerry Martin came up and started to "stomp and kick" at the Plaintiff and Johnson. Johnson was taken to the hospital and diagnosed with a broken jaw in two places. Surgery had to be performed on Johnson. Plaintiff was charged with second degree assault as a result of this incident. As a result of the assault charge, Plaintiff was unable to make bail. The prosecutor also filed a motion to have Plaintiff tried as a habitual offender which increased Plaintiff's bond from $25,000 to $50,000.

Plaintiff alleges the assault charge was tried in May 2007. The prosecuting attorney entered x-rays of Johnson's jaw from the day of the incident. Plaintiff asserts another x-ray was admitted over his objection as it had no identification of who took it or when it was taken. Years later, Plaintiff alleges he discovered that: there were other x-rays of

2

Johnson's jaw that showed Johnson had a broken jaw months before the incident with Plaintiff; a statement made by a fellow inmate against the Plaintiff was coerced; and a statement of an inmate that would have exonerated Plaintiff was withheld.  Plaintiff states he learned all of this during discovery, in a civil case filed by Johnson against him.

Between 2010 and 2012, Plaintiff was paroled from the Arkansas Department of Correction ("ADC") and then was incarcerated in Ohio.  When he violated his parole, he was again incarcerated in the ADC in 2012.  At some point, Plaintiff had filed a habeas corpus action with the Baxter County Circuit Court, based on the newly discovered evidence related to the May 2007 assault conviction.  However, within a few weeks of filing this action, Plaintiff was released on parole again.

In July of 2014, while in Branson, Missouri, Plaintiff was arrested.  While in jail in Branson, Plaintiff alleges he filed a federal habeas corpus action which was denied.  In the State of Arkansas' reply to the habeas action, Plaintiff learned that the Baxter County Circuit Court had granted a hearing on his habeas corpus action in 2010.  Plaintiff says he was not notified of the hearing and his Due Process rights were violated.  Had he been returned to Baxter County, Plaintiff believes his state habeas corpus petition would have been granted and the conviction reversed.  Plaintiff indicates his habeas corpus action was assigned to Judge Putman who had presided over the criminal case initially.  According to Plaintiff, Judge Putman realized he had made a mistake when he allowed the police into the room where the jury was deliberating.  Plaintiff also maintains Judge Putman now knew that Johnson had committed perjury.

As relief in the instant case, Plaintiff asks to be returned to Baxter County so his state habeas corpus action can now be heard.  He also wants to be compensated in the

amount of ten million dollars for the years he has been falsely imprisoned.

## II. DISCUSSION

The complaint is subject to dismissal for a number of reasons. First, the State of Arkansas may not be sued in federal court. The claims are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri*, 973 F.2d 599, 599 -600 (8th Cir. 1992) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). "'This bar exists whether the relief sought is legal or equitable.'" *Id.* (quoting *Papasan*, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)).

Second, Plaintiff may not use the civil rights statutes as a substitute for habeas corpus relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction in a § 1983 action. *See, e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

Third, neither the Baxter County Sheriff's Department nor the Mountain Home Police Department are subject to suit. The Sheriff's Department and Police Department are buildings and not persons or a legal entities subject to suit under § 1983. *See, e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook*

4

*County Jail*, 814 F. Supp. 757 (N.D. III. 1993) (jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) ("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n.1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd, Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989).

Fourth, the majority, if not all, of his claims are also barred by the statute of limitations. Section 1983 does not contain its own statute of limitations. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987) (§ 1981 case); *see also Wilson v. Garcia*, 471 U.S. 261, 268 (1985) (§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996) (§ 1985 case). In Arkansas, this is the three-year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2016). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any substantive claims that are based on events that occurred prior to January 31, 2014, would be barred by the statute of limitations.

Finally, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. 486-87. Plaintiff's conviction has not been reversed or otherwise

called into question.

## III. CONCLUSION

The Complaint fails to state a cognizable claim under § 1983 and is frivolous. It is

therefore **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) *(in*

*forma pauperis* complaint may be dismissed at any time due to frivolousness or for failure

to state a claim).

**IT IS SO ORDERED** on this _____ day of February, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

6